IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN HERBERT THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-400-WHA-KFP |
| | ) | [WO] |
| CASTLEBLONKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on June 4, 2021, when he was incarcerated at the Elmore County Jail. On June 10, 2021, the Court granted Plaintiff leave to proceed in forma pauperis and entered an Order of Procedure. Docs. 3, 4. On June 17, 2021, the Court received notice from jail personnel that Plaintiff was no longer incarcerated at the county jail.[1] The Court then entered an Order on June 22, 2021, requiring that by July 6, 2021, Plaintiff file notice of his current address or show cause why this case should not be dismissed for failure to prosecute and obey court orders. Doc. 6. The Order specifically advised Plaintiff that this case could not proceed if his whereabouts are unknown and cautioned him that a failure to comply with the Order would result in a recommendation of dismissal. *Id*. Plaintiff's copy of this Order was returned to the Court July 6, 2021, marked as undeliverable.

---

[1] The Court received returned mail that had been sent to the attention of the account clerk at the county jail marked with a notation that Plaintiff had been released from the facility.

The above facts reflect Plaintiff's lack of interest in the continued prosecution of this case, which cannot proceed in his absence. Therefore, the Court concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that generally dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to prosecute this action.

It is further ORDERED that on or before **July 23, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of July, 2021.

                              /s/ Kelly Fitzgerald Pate
                              KELLY FITZGERALD PATE
                              UNITED STATES MAGISTRATE JUDGE